IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 3:87-cr-112-JAG |
| ) | |
| JOHN C. CURTISS, ) | |
| ) | |
| Petitioner. ) | |

## MEMORANDUM OPINION
(Denying 28 U.S.C. § 2255 Motion)

John C. Curtiss, a federal inmate proceeding pro se, brings this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("§ 2255 Motion"). The Government requests that the Court deny the § 2255 Motion on the grounds that, *inter alia*, the statute of limitations bars the § 2255 Motion. Curtiss has responded. The matter is ripe for disposition. For the reasons set forth below, the § 2255 Motion will be denied as barred by the statute of limitations.

## I. PROCEDURAL HISTORY

In March of 1988, an Eastern District of Virginia jury convicted Curtiss of twenty-one counts, including mail fraud, false statements, false claims upon the United States, and conspiracy. At the conclusion of the trial, the Court allowed Curtiss to remain free on bond pending the sentencing hearing. Curtiss chose to abscond; in 2009, he was apprehended in the Bahamas. Upon his return to the Eastern District of Virginia, and this Court, Curtiss was sentenced on July 14, 2009, to a term of 15 years. (ECF No. 39.) Curtiss appealed his conviction to the United States Court of Appeals for the Fourth Circuit, which affirmed the decision on January 13, 2011. *United States v. Curtiss*, 407 F. App'x. 663, 669 (4th Cir. 2011). That Court subsequently denied Curtiss's motion for rehearing on March 8, 2011. The Supreme Court denied Curtiss's petition for a writ of certiorari on October 3, 2011.

Curtiss certified his § 2255 Motion to the Court for mailing on October 5, 2012.[1]

On December 31, 2013, the Court received a motion from Curtiss wherein, *inter alia*, he challenged his conviction and sentence under (former) Federal Rule of Criminal Procedure 35(a). (ECF Nos. 61, 62, 63.) The Court will address Curtiss's Rule 35 motion in a separate Order.

## II. ANALYSIS

### A. Statute of Limitations

Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2255 to establish a one-year period of limitation for the filing of a § 2255 Motion. Specifically, 28 U.S.C. § 2255(f) now reads:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Under 28 U.S.C. § 2255(f)(1), Curtiss's conviction became final on October 3, 2011, the date on which the Supreme Court denied certiorari. *United States v. Segers*, 271 F.3d 181, 186 (4th Cir. 2001).

---

[1] The Court deems the § 2255 Motion filed as of that date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

Curtiss then had one year, or until October 3, 2012, to file any motion under 28 U.S.C. § 2255. Curtiss neglected to file his § 2255 Motion until October 5, 2012. Because Curtiss failed to file his § 2255 Motion within the one-year limit, the statute of limitations bars the § 2255 Motion unless Curtiss can demonstrate grounds for equitable tolling.[2] Curtiss does make a glancing reference, although not in his actual § 2255 Motion, as to equitable tolling, citing poor eyesight, arthritis, and general failing health as impediments to his ability to timely file. Specific Objections to Government's Motion to Dismiss (ECF No. 60.).

Curtiss also advances two other arguments related – conceivably – to the problem of his petition's untimeliness. Curtiss argues, first, that his status as *pro se* litigant entitles him to the benefit of "less stringent standards," and second, that under former Federal Rule of Criminal Procedure 35(a), the Court may correct Curtiss's "illegal sentence" at any time. Fed. R. Crim. P. 35.

### B. Equitable Tolling

Courts may apply equitable tolling to 28 U.S.C. § 2255 motions. See *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). Nevertheless, only "rarely will circumstances warrant equitable tolling." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (citing *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)). The Supreme Court has "made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 130 S. Ct. at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). An inmate asserting equitable tolling "'bears a strong burden to show specific facts'" demonstrating that he fulfills

---

[2] Neither Curtiss nor the record suggests that grounds exist for a belated commencement under 28 U.S.C. § 2255(f)(2)–(4).

3

both elements of the test. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)). Curtiss fails to meet this exacting standard.

### 1. Curtiss's Poor Health

Curtiss's response to the Government's motion to dismiss includes the evocative prologue that "With eyesight failing, and while Defendant Curtiss can still see what he is writing, and his arthritic hand can hold a pen . . . ." (ECF No. 60, at 3). This concludes, however, Curtiss's apparent argument that the Court should excuse the statute of limitations in light of Curtiss's failing health. These (unremarkable) afflictions, however artfully presented, fall well short of the "extraordinary circumstances" necessary to justify Curtiss's failure to timely file his Motion. To succeed, Curtiss must show that his failing health "in fact prevents [Curtiss] from managing his affairs and thus from understanding his legal rights and acting upon them." *Miller v. Runyon*, 77 F.3d 189, 191 (7th Cir.1996). Curtiss's health conditions must be both "profound," *United States v. Sosa*, 364 F.3d 507, 513 (4th Cir. 2004) (internal citation omitted), and the "but-for and proximate cause" of his petition's untimeliness. *Allen v. Lewis*, 255 F.3d 798, 800 (9th Cir. 2001) *on reh'g en banc*, 295 F.3d 1046 (9th Cir. 2002) (citation omitted). Curtiss does not seriously attempt to argue that his poor eyesight or arthritis rendered him physically incapable of filing his petition within the one-year limitations period.[3]

Curtiss's poor health, further, seems largely attributable to Curtiss's advancing years. While sympathetic to Curtiss's discomfort, the Court cannot help but note that if Curtiss had not abused Judge Merhige's trust and generosity in 1988 by choosing to abscond, he would have

---

[3] The Court notes that Curtiss's alleged physical handicaps, which he implies required him to expend 367 days to complete a six-page, fill-in-the-blanks § 2255 motion form, had no such crippling effect on his subsequent hand-written, 16-page response to the Government's motion to dismiss. Curtiss completed that brief, conservatively calculated at perhaps four times the length as Curtiss's § 2255 motion form, in a comparatively snappy 33 days.

4

been able to pursue his habeas petition in better physical condition. Curtiss's current health, therefore, is more appropriately viewed as something of a trade-off for his two decades spent on the lam in the Bahamas, rather than a chance impediment worthy of judicial consideration.

### 2. Curtiss's Status as a Pro Se Litigant

Curtiss "would remind" this Court that because he is a *pro se* litigant, it must hold his pleadings to a less stringent standard. In this instance, the only standard to which the Court seeks to hold Curtiss is the plain language prerequisite of the federal habeas statute that Curtiss employs to seek relief. 28 U.S.C. § 2255 ("A 1-year period of limitation shall apply to a motion under this section...."). Curtiss's failure to read the statute, and his general unfamiliarity with the law, does not begin to approach the "extraordinary circumstance" that might excuse his tardiness. "[E]ven in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling." *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004); *see also Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[I]t is well established that "ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing."); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) ("[N]either a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling."); *Smith v. McGinnis*, 208 F.3d 13, 18 (2d Cir. 2000) ("[Petitioner's] *pro se* status .... does not merit equitable tolling.").

### 3. Federal Rule of Criminal Procedure 35(a)

Curtiss's citation to the former Federal Rule of Criminal Procedure 35(a), applicable to offenses committed prior to November 1, 1987 (as Curtiss's convictions are) is unavailing. Curtiss has applied for relief under 28 U.S.C. § 2255, a statute governed by (its own, included) express statute of limitations requirements. Curtiss' § 2255 motion, accordingly, is governed by

that statute's filing requirements, and that statute's alone. Curtiss is free to file a motion under Rule 35(a), and he has done so.

### III. CONCLUSION

Curtiss fails to demonstrate any basis for tolling the statute of limitations. Accordingly, the statute of limitations bars Curtiss's § 2255 Motion. The § 2255 Motion (ECF No. 51) will be denied, and the action will be dismissed.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Curtiss has not satisfied this standard. Accordingly, the Court will deny a COA.

An appropriate Order will accompany this Memorandum Opinion.

Date: January 17, 2014
Richmond, VA

/s/ 
John A. Gibney, Jr.
United States District Judge

6